# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| KRISTEN HAFOKA, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　v.<br><br>HEALTHEQUITY, INC., FURTHER OPERATIONS, LLC, and WAGEWORKS, INC.<br><br>　　Defendants. | Case No. 2:24-cv-00528<br><br>Hon. Jill N. Parrish<br><br>PROPOSED CLASS ACTION |
| DAVID ANECKSTEIN, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　v.<br><br>HEALTHEQUITY, INC.,<br><br>　　Defendant. | Case No. 2:24-cv-00548<br><br>Hon. Daphne A. Oberg<br><br>PROPOSED CLASS ACTION |
| RICHARD JESKY, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br>v.<br><br>HEALTHEQUITY, INC.,<br><br>　　Defendant. | Case No. 2:24-cv-00552<br><br>Hon. Jill N. Parrish<br><br>PROPOSED CLASS ACTION |
| COLIN BOOTH, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff, | Case No. 2:24-cv-00553<br><br>Hon. David Barlow |

1

| | |
|---|---|
| v.<br><br>HEALTHEQUITY, INC.,<br><br>    Defendant. | PROPOSED CLASS ACTION |
| TAYLOR GIRARD, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.,<br><br>    Defendant. | Case No. 2:24-cv-556<br><br>Hon. Howard C. Nielson, Jr.<br><br>PROPOSED CLASS ACTION |
| JESSICA SMITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC., FURTHER OPERATIONS, LLC, and WAGEWORKS, INC.,<br><br>    Defendants. | Case No. 2:24-cv-558<br><br>Hon. Robert J. Shelby<br><br>PROPOSED CLASS ACTION |
| JENNIFER KEANE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.,<br><br>    Defendant. | Case No. 2:24-cv-561<br><br>Hon. Howard C. Nielson, Jr.<br><br>PROPOSED CLASS ACTION |

| | |
|---|---|
| DHRUV THUKRAL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC., FURTHER OPERATIONS, LLC, and WAGEWORKS, INC.,<br><br>      Defendants. | Case No. 2:24-cv-00565<br><br>Hon. Howard C. Nielson<br><br>PROPOSED CLASS ACTION |
| ERIN FULLER RANDALL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.,<br><br>      Defendant. | Case No. 2:24-00566<br><br>Hon. Jared C. Bennett<br><br>PROPOSED CLASS ACTION |
| THOMAS KUKITZ, individually and on behalf of others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.,<br><br>      Defendant. | Case No. 2:24-00567<br><br>Hon. David Barlow<br><br>PROPOSED CLASS ACTION |
| KRISTEN DAVIS-JONES, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HEALTHEQUITY, INC.,<br><br>      Defendant. | Case No. 2:24-cv-00572<br><br>Hon. Dale A. Kimball<br><br>PROPOSED CLASS ACTION |

**ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER, CONSOLIDATE, APPOINT INTERIM CLASS COUNSEL, AND TO SET SCHEDULE TO FILE AND RESPOND TO CONSOLIDATED COMPLAINT**

The Court has reviewed *Plaintiffs' Motion to Transfer, Consolidate and Set Schedule for Filing of Interim Class Counsel Applications and Consolidated Complaint* submitted by Plaintiffs, Kristen Hafoka, David Aneckstein, Richard Jesky, Colin Booth, Taylor Girard, Jessica Smith, Jennifer Keane, Dhruv Thgukral, Erin Fuller Randall, Thomas Kukitz, and Kristen Davis-Jones, and has determined that transfer, consolidation, and setting a schedule for interim class counsel applications and filing the Consolidated Class Action Complaint in this putative class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), DUCivR 42-1, and DUCivR 83-2(g), the Court hereby transfers the following Related Actions not yet assigned to the Hon. Jill N. Parrish and consolidates all Related Actions:

    a. *Hafoka v. HealthEquity, Inc., Further Operations, LLC, and WageWorks Inc.* ("*Hafoka*"), Case No. 2:24-cv-00528, filed July 29, 2024 and currently pending before the Hon. Jill N. Parrish;

    b. *Aneckstein v. HealthEquity, Inc.* ("*Aneckstein*"), Case No. 2:24-cv-00548, filed July 21, 2024 and currently pending before the Hon. Daphne A. Oberg;

    c. *Jesky v. HealthEquity, Inc.* ("*Jesky*"), Case No. 2:24-cv-00552, filed August 1, 2024 and currently pending before the Hon. Jill N. Parrish;

    d. *Booth v. HealthEquity, Inc.* ("*Booth*"), Case No. 2:24-cv-00553, filed August 1, 2024 and currently pending before the Hon. David Barlow;

    e. *Girard v. HealthEquity, Inc.* ("*Girard*"), Case No. 2:24-cv-556, filed August 2, 2024 and currently pending before the Hon. Howard C. Nielson, Jr.;

    f. *Smith v. HealtyEquity, Inc., et al.* ("*Smith*"), Case No. 2:24-cv-00558, filed on August 5, 2024, and currently pending before the Hon. Howard C. Nielson, Jr.;

g. *Keane v. HealtyEquity, Inc.,* ("*Keane*"), Case No. 2:24-cv-00561, filed on August 5, 2024, and currently pending before the Hon. Howard C. Nielson, Jr.

h. *Thukral v. HealthEquity, Inc., Further Operations, LLC, and WageWorks Inc.*, ("*Thukral*"), Case No. 2:24-cv-00565, filed on August 7, 2024, and currently pending before the Hon. Howard C. Nielson, Jr.;

i. *Randall v. HealthEquity, Inc.* ("*Randall*"), Case No. 2:24-cv-00566, filed on August 7, 2024 and currently pending before the Hon. Jared C. Bennett;

j. *Kukitz v. HealthEquity, Inc.* ("*Kukitz*"), Case No. 2:24-cv-00567, filed on August 7, 2024 and currently pending before the Hon. David Barlow; and

k. *Davis-Jones v. HealthEquity, Inc.* ("*Davis-Jones*"), Case No. 2:24-cv-00572, filed on August 9, 2024 and currently pending before the Hon. Dale A. Kimball.

2. These Related Actions will be consolidated under the new title "*In re HealthEquity, Inc. Data Security Incident Litigation*" under this first filed case number, *Hafoka*, Case No. 2:24-cv-00528, before the Hon. Jill N. Parrish.

3. Defendants are not required to respond to the initial complaints in the Related Actions until the Consolidated Class Action Complaint is filed.

4. Following transfer, no further filings shall be made in *Aneckstein*, *Jesky*, *Booth*, *Girard, Smith*, *Keane, Thukral, Randall*, *Kukitz*, and *Davis-Jones*, and each of these cases shall be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Class Actions Complaint, as set forth further below.

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the consolidated action.

6. Having given due consideration to the relevant factors set forth in Fed. R. Civ. P. 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, the following are appointed and shall serve on the Plaintiffs' Executive Committee ("PEC") as interim class counsel, in accordance

5

with Federal Rule of Civil Procedure 23(g)(3):

    a.  Jeff Ostrow, Kopelowitz Ostrow P.A. - PEC Chairperson;

    b.  Jared Scott, Anderson & Karrenberg - PEC Member and Liaison Counsel;

    c.  Samantha E. Holbrook of Shub & Johns LLC;

    d.  J. Gerard Stranch IV of Stranch, Jennings & Garvey, PLLC;

    e.  Gary Klinger of Milberg Coleman Bryson Phillips Grossman LLP;

    f.  Courtney E. Maccarone of Levi & Korsinsky, LLP;

    g.  Raina C. Borrelli of Strauss Borrelli PLLC;

    h.  Thomas E. Loeser of Cotchett, Pitre & McCarthy, LLP;

    i.  Andrew W. Ferich of Ahdoot & Wolfson, PC;

    j.  Lynn A. Toops of Cohen & Malad, LLP;

    k.  Jean S. Martin of Morgan and Morgan Complex Litigation Group; and

    l.  Tyler Bean of Siri & Glimstad LLP.

7. The PEC will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the consolidated action. Specifically, the PEC shall have the following responsibilities, duties, and sole authority to:

    a.  Draft and file the consolidated complaint, and have final authority regarding what claims and parties are to be included;

    b.  Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

    c.  Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Utah;

d.  Consult with and employ consultants and/or expert witnesses;

e.  Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f.  Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g.  Enter into stipulations and agreements with Defendants;

h.  Sign all papers filed on behalf of Plaintiffs and the putative class;

i.  Convene meetings of all Plaintiffs' counsel, as necessary;

j.  Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k.  Conduct settlement negotiations with Defendants;

l.  Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendants' counsel of changes thereto;

m.  Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

n.  Appear at Court-noticed status conferences and hearings;

o.  Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p.  Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.  Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the PEC deem necessary to advance the litigation or as authorized by further Order of the Court;

r.  Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work the PEC has specifically authorized;

s.  Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t.  Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

8. As such, the PEC shall have sole authority to communicate with Defendants' counsel—including about settlement—and the Court on behalf of Plaintiffs and the putative class unless that authority is expressly delegated to other counsel. Any other Plaintiffs' counsel will do work in this consolidated action only at the direction of the PEC. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through the PEC, and no other Plaintiffs' counsel or firm shall be authorized to perform work in this consolidated action without the express authorization of the PEC.

9. It is the Court's intent that, as to all matters common to this consolidated action, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through the PEC.

10. All other Plaintiffs' counsel who are or may become involved in the consolidated action are prohibited from taking any action on behalf of the putative class in this consolidated action without advance authorization from the PEC.

11. The mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

12. Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the consolidated action, and to conduct themselves in a manner consistent with the Local Rules of the United States District Court for the District of Utah.

13. Plaintiffs shall file an operative Consolidated Class Action Complaint within *45 days* of entry of this Order.

14. Defendants shall answer, move, or otherwise respond to the Consolidated Class Action Complaint within *60 days* of the filing of that pleading.

**SO ORDERED.**

Dated: August 29, 2024

_____
Jill N. Parrish
United States District Court Judge